UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOAO FERNANDES,<br><br>        Petitioner,<br><br>        v.<br><br>COLLETTE GOGUEN,<br>Superintendent MCI Shirley,<br><br>        Respondent. | No. 19-cv-12096-IT |

**ORDER ON MOTION FOR EXTENSION OF TIME TO FILE
AMENDED MEMORANDUM IN SUPPORT OF PETITION (D. 43)**

This matter is before the court on the motion of the petitioner, Joao Fernandes, for leave to amend his Memorandum in Support of his Petition for Writ of Habeas Corpus (Memorandum). (D. 43). Although framed as such, the petitioner also seeks to stay these proceedings so he may attempt to reopen a prior state court proceeding to collect evidence that would then be included in the contemplated amended Memorandum. The respondent opposes the motion, arguing that the petitioner has waived the ground he seeks to add through amendment, the ground was not exhausted through a direct appeal, and the ground is meritless in any event. For the reasons set forth below, the court will deny the petitioner's motion.

I.   **BACKGROUND**

**Backdrop for the Present Motion**

At the time he filed his *habeas* petition, Fernandes was serving a term of incarceration in connection with state court convictions for unlawful possession of a rifle and ammunition. During the pendency of this *habeas* action, however, Fernandes completed his sentence and was subsequently taken into custody by Immigration and Customs Enforcement (ICE). (D. 24). Uncertain of the petitioner's status and the effect of the completion of his sentence on this *habeas* proceeding, the court granted the petitioner's motion for counsel and directed counsel among other things to report on whether the petitioner's immigration detention was related to the convictions at issue in the petition, and/or whether the petition was mooted by the petitioner's release from prison. (D. 25, 27, 29).

Counsel reported that the petitioner is currently housed at the Bristol County House of Corrections ICE detention facility, where he is subject to an Order of Removal based upon the convictions he presently challenges. The petitioner has an appeal pending with the Board of Immigration Appeals (BIA), but that appeal has not been heard to the court's knowledge. (D. 28, 30). Counsel also asserted that the petition was not mooted by the petitioner's release from state custody. (D. 30).

2

Finding that the petitioner's completion of his sentence has not rendered this proceeding moot, because the petitioner is still suffering collateral consequences from his state conviction, this court directed the parties to proceed, with the petitioner now having the benefit of counsel. Counsel subsequently submitted a memorandum of law in support of the *habeas* petition. (D. 38).

In that regard, the *habeas* petition raised four grounds of error. It alleged that:

1. The joinder of possession and murder charges was improper because evidence of each offense would not have been cross-admissible in separate trials;

2. The misjoinder of offenses denied the petitioner a fair trial;

3. The evidence was insufficient for any rational trier of fact to find all essential elements of possession beyond a reasonable doubt; and

4. The trial court improperly denied the petitioner's post-conviction motion for discovery concerning exculpatory material, including material possibly falling under the disclosure requirements of *Brady v. Maryland*, 373 U.S. 83 (1963).

(D. 1). In submitting his supporting Memorandum, however, the petitioner (through counsel) addressed only grounds 1 and 2, and did not address or brief grounds 3 and 4. (D. 38). After the respondent submitted her opposition (D. 39), the petitioner

filed the present motion, seeking 90 days to file an amended Memorandum incorporating ground 4. (D. 43).[1]

At argument on this motion, the petitioner clarified that while he seeks to amend his Memorandum to address the *Brady*-related claim, he also seeks to stay this action under *Rhines v. Weber*, 544 U.S. 269 (2005). The petitioner seeks a stay so that he may bring a motion in the state court matter for a new trial, so that he can conduct further discovery to support the *Brady* claim. The petitioner has not requested to conduct discovery in this *habeas* proceeding.

**Summary of Underlying Prosecution**

In 2010 the petitioner was charged with murder and weapons violations in Massachusetts state court.[2] The day prior to the murder in February 2010, the petitioner brought a rifle to the home of his cousin, Nilton Darosa, and asked Darosa to hide the rifle in case police raided the petitioner's house. The rifle was not the murder weapon.

In August 2010, prior to the petitioner's arrest, the petitioner and Darosa took the rifle to a home in which the petitioner resided in a private room on the second floor.

---

[1] The petitioner has not asked to add ground 3 to his Memorandum.

[2] The facts are taken from the Massachusetts Appeals Court's opinion in *Commonwealth v. Fernandes*, 93 Mass. App. Ct. 1117 (2018) (unpublished disposition).

4

However, instead of placing the rifle on the second floor, they placed it on the third floor, where the petitioner's cousin Carlos Fernandes (Carlos) resided.

When police searched the petitioner's residence in October 2010, they found the rifle and took both the petitioner and Carlos into custody. At the petitioner's trial in the fall of 2014, Detective Eric Clark of the Brockton Police Department testified that while the petitioner and Carlos were at the police station, the petitioner told Clark to release Carlos because the rifle belonged to the petitioner. Darosa, who served as a police informant, also testified that the rifle belonged to the petitioner rather than to Darosa or Carlos.

Because the jury could not reach a verdict on the murder charge or three of the firearms charges against petitioner, the court declared a mistrial on those charges. However, the petitioner was convicted of possessing an illegal firearm and ammunition, and he pled guilty to possessing a firearm with a previous conviction for a violent or serious drug crime.

Fernandes' co-defendant on the murder charge, Michael Goncalves, was tried in January 2015. At that trial, Darosa testified that he rather than Fernandes owned the rifle, but the petitioner had access to it, and he and petitioner shared weapons. Goncalves also raised instances of alleged misconduct

by the Plymouth County District Attorney (DA) in the handling of witnesses. As with the petitioner, Goncalves' jury could not reach a verdict on the murder charge and the court declared a mistrial.

Neither the petitioner nor Goncalves was retried for the murder, apparently at least in part because Darosa was no longer cooperating with the prosecution.

**Direct Appeal History**

Following his conviction, Fernandes moved for a new trial on the ground that Darosa had recanted his testimony about who owned the rifle. Fernandes also sought discovery on whether the prosecution had improperly influenced Darosa's testimony. (D. 16 at 27). Among other items, Fernandes asked for discovery on:

1. A competency evaluation of Darosa, in which he may have stated that a prosecutor told him to lie in Fernandes' trial;

2. A telephone call made by a Bristol County Assistant DA to Frank Middleton, one of the prosecutors in Fernandes' case, informing Middleton that a witness in another of Middleton's cases was lying to maximize benefits to himself;

3. What, if any, steps Middleton took to deal with the witness he was phoned about; and

4. "Any and all other possibly exculpatory evidence not previously disclosed to Mr. Fernandes or his attorneys."

(*Id.* at 28). While the petitioner argued that his due process rights would be violated if prosecutors disregarded Darosa's

lack of veracity or actually told him to lie, the petitioner did not refer to *Brady*, or any federal constitutional provisions, or any federal case law.

The trial court denied the motion. The court found that although Darosa had testified differently at Goncalves' trial about who owned the rifle, he also testified that the petitioner had access to the weapon and that they shared weapons. Further, the petitioner had not challenged Detective Clark's testimony about his confession. *See* Memorandum of Decision and Order On Defendant's Motion for New Trial*, Commonwealth v. Fernandes*, No. 1193CR00023-6&8 (Mass. Super. Ct. Plymouth Co. May 23, 2017) (D. 16 at 121-26).

On appeal before the Massachusetts Appeals Court (MAC), Fernandes raised the following issues:

1. The Commonwealth did not show constructive possession of the rifle;

2. Fernandes should have been granted post-conviction discovery after making a *prima facie* showing of prosecutorial misconduct; and

3. Joinder of the weapons and murder charges was improper where the weapon was not involved in the murder.

Concerning post-conviction discovery, the petitioner discussed the phone call to Assistant DA Middleton and also argued that the DA had failed to disclose impeachment evidence to the petitioner. The petitioner said this impeachment evidence had

7

been given to Goncalves, and it concerned alleged racist emails written by a former Assistant DA whom Goncalves tried to call as a witness.

However, the petitioner did not cite these instances as *Brady* violations, but rather as indications of the prosecutor's willingness to disregard Darosa's truthfulness or lack thereof. (D. 16 at 165-66). The petitioner did mention due process as a concern but did not refer to the federal constitution or cite to any federal caselaw.

The MAC affirmed, finding no error with the trial court's decision to deny post-conviction discovery. The MAC agreed that Darosa had not recanted his testimony and found that while misconduct was alleged to have occurred in other cases, there was no evidence it occurred in Fernandes' case. *Commonwealth v. Fernandes*, 93 Mass. App. Ct. 1117 (2018) (unpublished disposition). Therefore, the petitioner failed to show that discovery would lead to evidence that would have materially aided his defense. *Id.*

In his application for leave to obtain further appellate review (ALOFAR), the petitioner again raised misjoinder, denial of post-conviction discovery, and failure to prove constructive possession. The petitioner did not refer to *Brady* or "due process" in addressing the post-conviction discovery issue. The

8

Supreme Judicial Court (SJC) denied the ALOFAR without comment. *Commonwealth v. Fernandes*, 481 Mass. 1104 (2019) (Table).

## II. THE PRESENT MOTION TO AMEND (AND STAY)

As noted above, the petitioner raised four grounds in his habeas petition but subsequently briefed just two. He seeks through the present motion (and as further clarified in court) to stay these proceedings so he may attempt to reopen the state court matter and move for a new trial. If successful in doing so, the petitioner would hope to conduct discovery to support his *Brady* claim, and then accordingly amend the Memorandum to include such an argument.

The petitioner acknowledges that he was aware of the *Brady* claim contained in the petition but did not brief it because he did not then believe there were viable grounds to support it. The petitioner contends that he subsequently learned of information indicating the possible mishandling of Darosa, including a report that Darosa was allowed to illegally possess a firearm during at least one of the two trials involving Fernandes and Goncalves, and escape prosecution for possessing a high-capacity feeding device without a license. Further, Darosa reportedly also accused Plymouth County prosecutors of coaching him to give perjured testimony.

9

The petitioner reasons that evidence of the mishandling of Darosa by police and prosecutors leads to a reasonable expectation that misconduct extended to other witnesses, including Detective Clark. If so, and if Detective Clark's testimony could be shown to be untrue, then the state courts' refusal to allow post-conviction discovery could not be upheld as based on a factual finding to which deference is due under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(c).

The respondent opposes the petitioner's motion. The respondent argues that Fernandes has waived the *Brady* argument by failing to address it in his Memorandum. The respondent argues further that the *Brady* claim is not appropriate for *habeas* review because Fernandes never argued on direct appeal that his *Brady* rights were violated, or that Detective Clark lied about the petitioner's confession. As such, the claim has not been fully exhausted. Finally, the respondent argues that the claim fails on the merits because *Brady* does not apply to post-conviction discovery requests, and because the petitioner's claim of prosecutorial misconduct is at best speculation.

## III. DISCUSSION

After careful consideration, the court finds no basis to essentially stay this case to permit the petitioner to attempt

10

to reopen his state court matter to conduct discovery.  To begin, the court agrees with the respondent that the petitioner has waived any *Brady* argument by knowingly failing to brief the claim in his Memorandum.  *See Blake v. Medeiros*, No. 14-CV-11845-IT, 2017 WL 4076104, at *4 (D. Mass. Sept. 14, 2017) (unpublished) (finding claims raised in the petition but not addressed in the memorandum to have been waived); *Williams v. Roden*, No. 09-cv-10237-JLT, 2010 WL 2428822, at *10 (D. Mass. Apr. 6, 2010) (unpublished) (finding, in the context of a pro se petition under 28 U.S.C. § 2254, that "[a]rguments not briefed are deemed waived"), report and recommendation adopted, No. 09-cv-10237-JLT, 2010 WL 2428807 (D. Mass. June 9, 2010); *Smiley v. Maloney*, No. 01-cv-11648-GAO, 2003 WL 23327540, at *15 (D. Mass. Oct. 31, 2003) (unpublished) (finding that the petitioner has waived his claim where he "has not, in his Memorandum of Law in support of the petition, advanced any argument, much less reasoned argument, on this point"); *see also Katz v. King*, 627 F.2d 568, 575 (1st Cir. 1980) ("If counsel desires our consideration of a particular argument, the argument must appear within the four corners of the brief filed in this court").

The court would also not be inclined to endorse the petitioner's plan of action even assuming the *Brady* claim were not deemed waived.  The court agrees with the respondent that

11

the petitioner has not yet fully exhausted the *Brady* claim in the state courts. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court approved the use of a stay and abeyance procedure to allow a petitioner to return to state court to exhaust a claim provided the petitioner can (1) show good cause for his failure to exhaust his claim in state court, (2) show that the claim potentially has merit, and (3) show that the petitioner has not engaged in abusive litigation tactics or intentional delay. *Id.* at 277-78; *Clements v. Maloney*, 485 F.3d 158, 169 (1st Cir. 2007).

Regarding the first prong, the court finds that the petitioner has not demonstrated good cause for his failure to exhaust. Regardless of whether the petitioner's state court counsel deliberately or neglectfully failed to present the federal basis for the petitioner's post-conviction discovery claim, neither circumstance constitutes good cause for failure to exhaust. *See Clements*, 485 F.2d at 170 (intentional decision to omit claims from appeal cannot amount to good cause, nor could attorney's misunderstanding of state rules and federal exhaustion requirements); *see also Josselyn v. Dennehy*, 475 F.3d 1 (1st Cir. 2007) (mistaken belief that raising issue before Massachusetts Appeals Court was sufficient for exhaustion does not constitute good cause).

12

To be sure, the petitioner counters that he did not learn of a basis for the *Brady* claim until January 27, 2021, when he learned that the Brockton Police Department, which transported Darosa to and from the petitioner's and Goncalves' trials, allowed Darosa to illegally possess a firearm and even stored it for him during one or both of the trials.  (D. 43).  The petitioner contends that this evidence, along with earlier-known evidence such as Darosa's claim that prosecutors coached him to lie; reports of the DA mishandling cooperating witnesses; and allegations of racist conduct in the DA's office, leads to a reasonable inference that the DA may have been willing to offer perjured testimony from Detective Clark about the petitioner's alleged confession.

However, as noted above, a review of the state court record reveals that the petitioner in fact raised a number of these grounds in support of his argument for post-conviction discovery, including the issue of whether Darosa was coached to lie; the DA's history of disregarding the truthfulness of its witnesses; and possible racist conduct in the DA's office. Further, this court takes judicial notice of the fact that news outlets in April 2015 reported that Darosa had been allowed to testify in Goncalves' trial even though he possessed a gun with no known authorization, and that police reports indicated that

13

police took Darosa's gun before he entered the courthouse, locked it away, and gave it back to him at the end of each day. *See* Brandon Gee, *DA's use, handling of informants questioned*, Mass. Lawyers Weekly Apr. 9, 2015, https://masslawyersweekly.com/2015/04/09/das-use-handling-of-informants-questioned/ (last accessed Sept. 30, 2021).

As such, most if not all of the evidence the petitioner urges the court to consider here as warranting a stay was in fact either presented to the state courts for consideration or was information that was publicly available.  The petitioner therefore cannot rely upon it to show good cause for his failure to exhaust.

Independently, the court finds, without reaching the actual merits, that the petitioner has not adequately persuaded this court that the *Brady* claim is potentially meritorious.  To the extent the petitioner attempts to link allegations about Darosa's truthfulness to Detective Clark's testimony, a contention that was never raised on appeal or in the present petition, the argument appears speculative at best.

**IV.   CONCLUSION**

For the foregoing reasons, the Petitioner's Motion for Extension of Time to File Amended Memorandum is DENIED. In practical terms, this means that the case will not be stayed and shall proceed to resolution of the petition on the merits.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:   September 30, 2021